# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CONSTANCE SMITH | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cv-00725 |
| HENRY QUEENER, et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. No. 33). For the following reasons, Plaintiff's Motion will be denied.

On December 30, 2019, the Court remanded this case to the Davidson County Circuit Court because "as a United States Citizen residing in Bermuda, Smith [could] not establish diversity jurisdiction." (Doc. No. 30 (citing Smith v. Queener, No. 17-5770, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018))). Plaintiff now asks the Court, more than a year later, to reconsider that Order and "hold a hearing on the matter of 'Rescission by Mistake of Fact and Fraudulent Concealment . . . .'" (Doc. No. 33 at 1).

Because of Plaintiff's *pro se* status, the Court will construe Plaintiff's motion liberally as a Motion for Reconsideration under Federal Rule of Civil Procedure Rule 59(e). Although the Federal Rules of Civil Procedure do not explicitly permit a motion for reconsideration, courts "may look to . . . [Rule] 59(e)." Norris v. Tenn., No. 3:20-cv-00701, 2020 WL 6685543, at *1 (M.D. Tenn. Nov. 12, 2020) (citing Banister v. Davis, 140 S. Ct. 1698, 1705-08 (2020)). Generally, "a motion to reconsider must be based on one of the grounds available for motions to alter or amend

judgment or on a showing that the court clearly overlooked material facts or controlling law that were presented by the movant in litigating the underlying motion and that would result in a different disposition." Memphis A. Phillip Randolph Inst. v. Hargett, No. 3:20-cv-00374, 2020 WL 6589659, 2020 U.S. Dist. LEXIS 211968, at *3 (M.D. Tenn. Sep. 28, 2020). Therefore, under Rule 59(e), courts may alter or amend a final judgment in only a few, limited circumstances where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Id.

Relief under Rule 59(e) is an "extraordinary remedy" with an "exacting standard." Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *4 (citing Heithcock v. Tenn. Dept. of Children's Servs., No. 3:14-cv-2377, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015)). Parties cannot invoke a Motion for Reconsideration to "re-argue a case[, . . .] to re-litigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *3-4; see also Am. Marietta Corp. v. Essroc Cement Corp., 59 F. App'x 668, 672 (6th Cir. 2003) ("[A] motion to reconsider should not be used to re-litigate issues previously considered"); Bank of Ann Arbor v. Everest Nat'l Ins. Co., 563 F. App'x 473, 478 (6th Cir. 2014); Collado v. 21st Judicial District Drug Task Force, No. 3:20-cv-00181, 2020 WL 2526513, at *1 (M.D. Tenn. May 18, 2020).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." McGruder v. Metropolitan Gov't of Nashville and Davidson Cty., Tenn., No. 3:17-cv-01547, 2020 WL 4586171, at *2 (M.D. Tenn. Aug. 10, 2020) (internal citation and quotation omitted); see also Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS

211968, at *3 (citing Hanna v. Marriott Hotel Servs., Inc., No. 3:18-cv-0325, 2019 WL 7482144, at *1 (M.D. Tenn. Mar. 18, 2019)).

Here, Plaintiff argues the Court should reconsider its prior remand order. (See Doc. No. 33 at 1). For support, Plaintiff references and attaches a state court opinion which refused to disturb a settlement entered into during an earlier stage of this litigation. (See id. at 5–8); see also Smith, 2018 WL 3344176, at *1. This Court has already dismissed that action pursuant to that settlement agreement. See Smith, 2018 WL 3344176, at *1 (citing Smith v. Smith, No. 3:14-cv-1455 (M.D. Tenn. June 29, 2015)).

After reviewing Plaintiff's arguments, the record, and the Court's prior ruling, the Court concludes that Plaintiff has failed to demonstrate a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest injustice in the finding that Plaintiff's case should have been remanded to state court. See Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *3. Here, Plaintiff cites to nothing in the record to support her contention that the Court should reconsider its prior Order. Nor are there additional facts that would require the Court to disturb that ruling. Instead, Plaintiff improperly attempts to re-litigate already decided matters. See Am. Marietta Corp. v. Essroc Cement Corp., 59 F. App'x at 672. But, as discussed above, this Court has already dismissed Plaintiff's case twice: once due to settlement and once due to improper jurisdiction. (See Doc. No. 33; see also Smith v. Smith, No. 3:14-cv-1455 (M.D. Tenn. June 29, 2015)). And the Sixth Circuit has agreed to the dismissal for lack of jurisdiction. See Smith, 2018 WL 3344176, at *3.

In sum, "[w]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Cartner v. Alamo Grp., Inc., 2008 WL 8140101, at *1 (N.D. Ohio Sep. 23, 2008); see also Static Control Components, Inc. v.

Lexmark Intern., Inc., 615 F. Supp. 2d 575, 578 (E.D. Ky. 2009). There is simply no reason here to let Plaintiff continue that battle in an improper forum.

Accordingly, Plaintiff's Motion for Reconsideration, (Doc. No. 33), is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE